# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

**UNITED STATES OF AMERICA**

**v.**                                    **Case No.:      2:21-CR-0027**

**SEAN CHRISTOPHER WILLIAMS**


## MOTION TO DISMISS BASED ON SPOLIATION OF EVIDENCE


1. According to the Washington County sheriff's department's report number 23-43599, ON JULY 23, 2023 the on duty officer entered the defendant's cell (c-8 pod cell 5) on a tip and found 6 pieces of concrete that had been removed from the wall and placed back with toothpaste. "The concrete was approximately 4 ft in length and 3.5 inches in width."


2. After removing the defendant from the cell and placing him in another cell in the same pod, the defendant witnessed the affected area in cell 5 being patched and repaired by a trustee approximately 1- 2 days later. After the repairs were completed the cell was put back into service and remained in service for the next several weeks that the defendant was housed in that pod.


3. On July 12, 2024 a court order was issued to allow the defendant's private investigator to access the cell to collect photos. Upon arrival 2-3 days later on or around July 15, 2024 it was evident that the cell 5 had been taken out of service and photos were taken of the cell that clearly show that large areas of concrete had now been removed from all sides of the cell and the debris had been cleaned up, leaving multiple large areas of concrete missing, much larger and in more areas than identified in the original report (23-43599). Upon information and belief, a member of staff at the Detention facility authorized the cell to be taken out of service and the concrete to be removed in an attempt to spoil the evidence that the court order authorized to be collected. And to attempt to exaggerate, inflate, and mislead the jury by preventing the collection of pictures that represent and show the actual area that was allegedly removed by the defendant.


4. The defendant is now prevented from obtaining photos that reflect the true condition of the cell and associated repairs of the area and cell in question.


5. While it may be possible, it is unlikely that the facility, a day after the order was given to allow access, unknowingly started demolition, making collection of evidence to prove the

defendant was not guilty impossible. Deciding to suddenly begin extensive floor repairs involving the removal of large sections of concrete in cell 5 only.

6. If necessary for the court to be convinced this was done as an attempt to prevent the defendant from gathering needed evidence to prove his innocence, the defendant would like to identify inmates that were housed in cell 5 within the last several months and question them in regard to the timing and intent of the concrete being removed from cell 5.

WHEREFORE, The current attempted escape charge defendant is facing as a result of the alleged removal of concrete should be dismissed on the grounds that the jail staff has interfered with a court order and purposely obstructed the defendant from collecting evidence to receive a fair trial.

SEAN CHRISTOPEHR WILLIMAS

/s/Sean Christopher Willimas, pro se
Sean Christopher Willimas, Pro se
920 East Lamar Alexander Parkway
Maryville, TN, 37804-5002

CERTIFICATE

Sent via email from elbow counsel to grvlclerk@tned.uscourts.gov for filling and to meghan.gomez@usdoj.gov and greg.bowman@usdoj.gov on July 20, 2024