UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA

v.                                    Case No.:    2:21-CR-0027

SEAN CHRISTOPHER WILLIAMS

## MOTION IN OPPOSITION TO MOTION IN LIMINE

### MOTIVE OF GOVERNMENT

1. Motive matters. The prosecution would seek to eliminate direct reasoning and understanding as to why the defendant would be charged with a crime of attempted escape that by definition of law did not and could not occur. This exclusion of argument on motive was granted by Judge Greer.

2. Defendant is not seeking to have the ability to make meritless attacks on character for the sake of diversion. However, the defendant would like to have the ability to ensure that the jury understands:

    a. There was a severe conflict of interest between the defendant and the Washington County Detention Center (due to at the time two major lawsuits which center around the defendant and allege corruption against the city)–the actual reason defendant was moved to Laurel County Correctional Center, and not as a result of any alleged attempt to escape.

    b. Why when the same exact type of circumstances and concrete repairs found in defendant's cell 5 also existed throughout the facility, only the defendant was considered to have made an attempted escape.

    c. The timing and filing of the charge had a direct correlation with a completely unrelated suppression motion and hearing, and

    d. Otherwise how the government could be so egregiously unaware as to what would constitute a "substantial step" as required by definition of law for any crime to have occurred.

3. Defendant requests to allow the ability to discuss motive as it actually pertains to the defense as to whether any alleged crime ever occurred.

# IMPOSSIBILITY OF ESCAPE

4. At this time, by the court's decision, the defendant is expected to address any possible mention of the "impossibility of escape" outside the presence of the jury, which disallows the defendant from discussing as part of trial the very elements of law defining whether a crime ever occurred.

5. The impossibility of an escape as outlined by the prosecution is not "entirely irrelevant to the elements of the offense."

6. By definition of law ((24.5 Attempted Escape (18 U.S.C. § 751(a)), in order for there to be an attempted escape, the defendant must have "[done] something that was a substantial step toward escaping from custody and that strongly corroborated the defendant's intent to commit that crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances."

7. The prosecution has not shown unequivocally that the crime of escape would have occurred (into or through the next cell, or as stated otherwise, in effect the exact same confines by which the defendant was already imprisoned) without correctional officer interference or other independent circumstances.

8. While the prosecution seeks to conflate a bad plan (e.g. taking an actual first substantial step toward or outside the confines of custody toward a dead end in error) with no plan (that, even if regarded as a plan, at any step would have moved the defendant 0% closer to any imagined goal of escape), this conflation does not make the demonstration, by law, "that the crime will take place" entirely irrelevant and this argument and demonstration cannot be eliminated as a matter of law.

9. Though it is not on the defendant to prove his innocence, the defendant must be able to demonstrate that the allegations have been made in error and no escape (and as a result no attempted escape) could have or would have taken place under any circumstances with the facts as they actually exist.

10. Therefore, defendant requests to be able to demonstrate to the jury through "testimony, remarks, tangible evidence, exhibits, questions, and arguments which relate directly or indirectly to the impossibility of escape" that the crime of escape would not have and could not have taken place under any circumstances as the facts actually apply and therefore the minimal removal of concrete between cells cannot be considered a substantial step.

    SEAN CHRISTOPEHR WILLIMAS

    /s/Sean Christopher Willimas, pro se
    Sean Christopher Willimas, Pro se

920 East Lamar Alexander Parkway
Maryville, TN, 37804-5002

CERTIFICATE

Sent via email from elbow counsel to grvlclerk@tned.uscourts.gov for filling and to meghan.gomez@usdoj.gov and greg.bowman@usdoj.gov on July 21, 2024